798 F.2d 469
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
James W.. FITZGERALD, Plaintiff-Appellant,
Gentry E. McCAULEY, Jr., Commonwealth Attorney, 14th
Judicial District; and the Commonwealth Attorney
For Fayette County, Defendants-Appellees.
 No. 85-6116.
 United States Court of Appeals, Sixth Circuit.
 June 16, 1986.
 
 Before MARTIN and GUY, C.J., and BROWN, Senior C.J.
 ORDER
 Petitioner appeals the district court's order dismissing his complaint for failure to state a claim upon which relief can be granted. The case has been referred to a panel of this Court pursuant to Sixth Circuit Rule 9(a). Upon examination of the briefs and record, the panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 Plaintiff pleaded guilty to receiving stolen property, first degree burglary and second degree persistent felony offender.
 Plaintiff contends that the defendants caused plaintiff who was a federal prisoner to be brought to state court on a "detainer" without the benefit of an Interstate Agreement on Detainers. It appears that subsequently an Interstate Agreement on Detainers was signed by the plaintiff which he contends was violated by the defendants. The alleged violation consisted of plaintiff's being tricked by the defendants which caused his conviction for more or different felonies than were originally cited in the Interstate Agreement on Detainers. However, plaintiff pleaded guilty to all the charges he now challenges through this 42 U.S.C. Sec. 1983 action.
 The district court correctly held that plaintiff's action must be dismissed because both of the defendants have prosecutorial immunity from civil rights actions as established by the United StateS Supreme Count in Imbler v. Pachtman, 424 U.S. 409 (1976), in which the Court stated:
 We conclude that the considerations outlined above dictate the same absolute immunity under Sec. 1983 that the prosecutor enjoys at common law. To be sure, this immunity does leave the genuinely wronged defendant without civil redress against a prosecutor whose malicious or dishonest action deprives him of liberty. But the alternative of qualifying a prosecutor's immunity would disserve the broader public interest. It would prevent the vigorous and fearless performance of the prosecutor's duty that is essential to the proper functioning of the criminal justice system.
 
 
 1
 Id. a t 4 27.
 
 
 2
 In addition, with regard to defendant Commonwealth Attorney for Fayette County, Raymond Larson, at the time of the alleged 42 U.S.C. Sec. 1983 violation, he was not the Commonwealth Attorney for Fayette County. The district court correctly found that a 42 U.S.C. Sec. 1983 action must allege that the defendant has personally participated in or had knowledge of the circumstances giving rise to the complaint. Thus, the rationale for dismissing the complaint against this defendant is two fold.
 
 
 3
 For these reasons, it is ORDERED that the district court's judgment be affirmed. Sixth Circuit Rule 9(d)(3). The motion for appointment of counsel is also denied.